UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
CLOPAY PLASTIC PRODUCTS COMPANY, INC.,  :  12 Civ. 5262 (JPO) (MHD)

                    Plaintiff,

    - against -

THE EXCELSIOR PACKAGING GROUP, INC.,

                    Defendant,

    - against -

KIMBERLY-CLARK CORPORATION and
HOGLA-KIMBERLY LTD.,

                Third-Party Defendants.
------------------------------------------------------------- x

### THIRD-PARTY DEFENDANT KIMBERLY-CLARK CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE THIRD-PARTY COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Third-Party Defendant Kimberly-Clark Corporation ("K-C") submits this Memorandum of Law in support of its Motion to Dismiss the Third-Party Complaint filed by The Excelsior Packaging Group, Inc.'s ("Excelsior").

### INTRODUCTION

Excelsior's Third-Party Complaint against K-C is an effort to shift to K-C Excelsior's contractual liability to Plaintiff Clopay Plastic Products Company, Inc. ("Clopay"). K-C moves this Court to dismiss the Third Party Complaint under Rule 12(b)(6) because the Third-Party Complaint fails to plausibly allege any theory under which K-C could be liable to Excelsior for Excelsior's obligations to Clopay. Excelsior fails to allege the existence of a contract between it

and K-C. While the Third-Party Complaint offers cryptic references to "arrangements" between K-C and Clopay, Excelsior fails to set forth specific and credible allegations that a contract existed between K-C and Clopay in which Excelsior was an intended third-party beneficiary. The Third-Party Complaint fails to state a claim against K-C and, accordingly, it should be dismissed.

## BACKGROUND

Clopay initiated this lawsuit by filing a Complaint against Excelsior on July 6, 2012, to collect amounts Clopay claimed Excelsior owed it under a contract in which Clopay sold Excelsior microflex embossed plastic film laminates. (Compl.)[1] Clopay's Complaint against Excelsior alleges five causes of action: breach of contract; goods sold and delivered; accounts stated; unjust enrichment; and breach of contract—late charges. In its Complaint against Excelsior, Clopay alleges that it had sold laminates to Excelsior since 2007. (Compl. ¶ 6.)

On January 31, 2013, Excelsior filed its Third-Party Complaint against K-C and Hogla-Kimberly Ltd. ("Hogla"). Excelsior granted K-C an extension until April 15, 2013, to file a responsive pleading (Dkt. No. 27).

Notably, the Third Party Complaint makes no individualized allegations about K-C's conduct with respect to the goods at issue nor does it allege any commercial relationship between K-C and Excelsior or between K-C and Clopay. Instead, the Third-Party Complaint lumps together K-C (a Delaware corporation with a principal place of business in Texas) and Hogla (an Israeli joint venture with its principal place of business in Israel), despite pleading K-C and Hogla as separate entities. The Third Party Complaint then makes substantive allegations against "KCC," which is defined as consisting of K-C and Hogla, collectively. For example, the Third Party Complaint alleges that KCC ordered goods manufactured by Clopay, the Excelsior

---

[1] The Complaint is attached to the Third-Party Complaint as Exhibit A.

purchased the goods from Clopay and that the goods were converted by Excelsior and delivered to KCC, all at the express instance and request of KCC." (Third-Party Compl. ¶ 8.) Excelsior summarily alleges "arrangements" regarding the price of good delivered by Excelsior to KCC were confirmed in writing from Clopay to KCC. (*Id.* ¶¶ 10-11.)

According to the Third-Party Complaint, Excelsior sent invoices to KCC that have not been paid. (*Id.* ¶¶ 12-13.) These invoices, which are claimed to have amounted to $473,584.52, were allegedly for increases in the cost of raw materials contained in the goods Excelsior delivered to KCC. (*Id.* ¶¶ 10, 12.)

The source of KCC's alleged obligation to pay for increases in the cost of raw materials is not clearly stated in the Third-Party Complaint. Excelsior alleges that it is founded upon "longstanding and invariable customs and practices of the trade," "longstanding course of dealing between Clopay and KCC," and some form of agreement between "the parties," though Excelsior does not specify which parties or any other details of this purported agreement. (*Id.* ¶¶ 10, 14.) Excelsior makes this collective allegation without any specific references to purchase orders or contracts allegedly entered into by or with K-C.

## ARGUMENT

### I. LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a pleading to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard under Rule 12(b)(6) requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. The pleading standard articulated

in *Twombly* and *Iqbal* demands that a pleading set forth more than conclusory allegations of liability without sufficient factual allegations. While a pleading "need not include detailed factual allegations, it must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Pension Ben. Guar. Corp. ex. rel. St Vincent Catholic Med. Centers Retirement Plan v. Morgan Stanley Inv. Management Inc.*, No. 10-4497-cv, 2013 WL 1296481, at *7, --- F.3d ---- (2d Cir. Apr. 2, 2013) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks and citations omitted). More is required of a pleading than "naked assertion[s]" without "further factual enhancement." *Iqbal*, 556 U.S. at 678. As the Court stated in *Iqbal*:

> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679. A pleading that is no more than a conclusion is not entitled to the assumption of truth. *Id.*

Not only must a pleading contain well-pleaded facts, it must state a "plausible claim for relief" in order to survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). A "plausible" claim must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## II. EXCELSIOR'S THIRD-PARTY COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Excelsior's Third-Party Complaint against K-C should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Excelsior's nebulous allegations against K-C are nothing more than threadbare allegations that K-C is somehow liable to

Excelsior for the amount Excelsior owes Clopay. Excelsior fails to allege a breach of contract claim because it fails not only to sufficiently allege the existence of a contract, but also fails to allege even the basic material terms that could support the existence of an agreement between it and K-C. Further, Excelsior fails to sufficiently allege that it is a third-party beneficiary of any contract between K-C and Clopay, or the terms of any contract between K-C and Clopay.

### A.     Excelsior Fails to Allege a Breach of Contract

Excelsior plainly fails to state a claim for breach of contract. To make out a breach of contract claim, a claimant must sufficiently allege: (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach by the defendant and (4) damages. *Boart Longyear Ltd. v. Alliance Indus., Inc.*, 869 F. Supp. 2d 407, 413 (S.D.N.Y. 2012) (citing *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004)). The Third-Party Complaint fails to allege the existence of a contract between Excelsior and K-C.[2] No written agreement between Excelsior and K-C has been alleged, nor does the Third Party Complaint allege terms of any oral exchange of promises between Excelsior and K-C. Even if K-C and the imagined "KCC" were treated interchangeably, the Third Party Complaint fails to identify any agreement between Excelsior and KCC. This is a fatal defect. Because Excelsior fails to state a claim for breach of contract against K-C, the Third-Party Complaint must be dismissed. *See id.* ("[A] breach of contract claim 'that fails to allege facts sufficient to show that an enforceable contract existed between the parties is subject to dismissal.'") (quoting *Berman v. Sugo LLC*, 580 F. Supp.2d 191, 202 (S.D.N.Y. 2008).

---

[2] Excelsior fails to adequately distinguish between K-C and Hogla-Kimberly LTD., a distinct (foreign) legal entity, which has not been served or otherwise appeared in this proceeding. Assuming, arguendo, Excelsior had a contract with Hogla-Kimberly LTD, that circumstance would not provide the basis for a claim against K-C, irrespective of its alleged ownership interest in Hogla-Kimberly LTD.

**B.    Excelsior Fails to Allege it is a Third-Party Beneficiary**

Excelsior may assert that it intends to plead a cause of action for breach of contract to which it was a third-party beneficiary. In order to allege that it was an intended third-party beneficiary of a contract, Excelsior must show: "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost." *Naughright v. Weiss*, 826 F. Supp. 2d 676, 696 (S.D.N.Y. 2011) (quoting *Mayo v. County of Albany*, 357 Fed.Appx. 339, 343 (2d Cir. 2009)).

The Third-Party Complaint only obliquely refers to "arrangements" between Clopay and KCC (described as being constituted by K-C and Hogla) that were "confirmed in writing." (Third-Party Compl. ¶ 11.) Elsewhere in the pleading there is an allegation that the amounts Excelsior owes to Clopay "consist substantially of pass-through increases in raw material costs authorized by KCC and contracted by the parties for the benefit of third-party plaintiff." (*Id.* ¶ 9.) But this falls short of an allegation that a valid and binding contract existed between K-C and another entity.

Even if Excelsior did adequately allege the existence of a contract, its conclusory allegation that the contract was intended for its benefit will not suffice. There is nothing to suggest that K-C entered into an agreement with Clopay or any other party for Excelsior's benefit. "Under New York law, a person is regarded as an intended (third-party) beneficiary if '(1) performance of the underlying promise will satisfy an obligation of the promise to pay money to the beneficiary, or (2) the circumstances indicate that the promise intends to give the beneficiary the benefit of the promised performance.'" *Naughtright*, 826 F. Supp. 2d at 697

-6-

-7-

(quoting *Hagemann v. Molinari*, 14 F. Supp. 2d 277, 286 (E.D.N.Y. 1998)). The Third-Party Complaint lacks any suggestion that K-C made a promise to Clopay to satisfy an obligation to pay money to Excelsior. Also absent are any allegations indicating there was a promise made by K-C in which it intended to give Excelsior the benefit of its performance. Excelsior fails to allege the existence of a contract to which it was an intended beneficiary and consequently, it fails to plead a claim as a third-party beneficiary for breach of contract.

## **CONCLUSION**

For all of the foregoing reasons, K-C respectfully requests that the Court grant the Motion and enter an order dismissing the Third-Party Complaint against it.

Date:  New York, New York
       April 15, 2013

                                      TANNENBAUM HELPERN SYRACUSE
                                      & HIRSCHTRITT LLP


                                      By:____/s/Paul D. Sarkozi_____
                                                Paul D. Sarkozi
                                                Matthew R. Maron
                                      900 Third Avenue
                                      New York, New York 10022
                                      (212) 508-6700 (phone)
                                      (212) 371-1084 (fax)
                                      sarkozi@thsh.com
                                      maron@thsh.com
                                      *Attorneys for Third-Party*
                                      *Defendant Kimberly-Clark Corporation*