UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLOPAY PLASTIC PRODUCTS COMPANY, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> THE EXCELSIOR PACKAGING GROUP, INC., <br><br> *Defendant*. <br><br> v. <br><br> KIMBERLY-CLARK CORPORATION and HO-GLA-KIMBERLY LTD., <br><br> *Third-Party Defendants*. | 12 Civ. 5262 (JPO) (MHD) <br><br> (ECF Case) |

**MEMORANDUM OF LAW OF THE EXCELSIOR PACKAGING GROUP, INC. IN OPPOSITION TO KIMBERLY-CLARK CORPORATION'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT**

**INTRODUCTORY STATEMENT**

Third-party plaintiff The Excelsior Packaging Group, Inc. ("Excelsior") respectfully submits this memorandum of law in opposition to the motion of third-party defendant Kimberly-Clark Corporation ("K-C") to dismiss the third-party complaint as against it. For the reasons hereinafter set forth, K-C's motion should be denied.

In the underlying action, Clopay Plastic Products Company, Inc. ("Clopay") sues Excelsior for amounts alleged to be unpaid in connection with plastic film sold by Clopay to Excelsior. Excelsior timely answered, denying the material allegations of the

complaint and asserting counterclaims against Clopay for, *inter alia*, a refund of certain overpayments.

On January 31, 2013, Excelsior filed a third-party complaint against K-C and its controlled foreign joint venture, Hogla-Kimberly Ltd.[1] In the third-party complaint, Excelsior seeks indemnity from the two Kimberly-Clark entities (collectively, "KCC") for Clopay's claims.

Specifically, Excelsior alleges against KCC: (1) that the plastic film purchased by Excelsior from Clopay was purchased for delivery to KCC; (2) that KCC and Clopay had agreed — for the benefit of Excelsior — that increases in material costs would be borne by KCC and recoverable by Excelsior from KCC; and (3) that although Excelsior delivered the ordered goods to KCC, KCC failed to pay the invoice for such cost increases.

K-C now moves, pursuant Rule 12(b)(6), *Fed. R. Civ. P.,* to dismiss the third-party complaint as against K-C, asserting that the third-party complaint fails to allege the existence of a contract or that Excelsior is a third-party beneficiary.

Because the third-party complaint — though Spartan — sets for the minimal facts necessary to ascertain the existence of a contract and the relationship among the parties, and for the other reasons hereinafter set forth, the motion should be denied.

---

[1]Hogla-Kimberly Ltd. was served by registered mail on February 4, 2013 pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, as in effect in the United States and in Israel, and proof of such service was filed with this Court. See Docket Entry No. 34. To date, Hogla-Kimberly Ltd. has not appeared in this action.

## THE THIRD-PARTY COMPLAINT

The third-party complaint is succinct and simple. It alleges, in pertinent part, as follows:

> 8. The Underlying Lawsuit relates to goods ordered by KCC, manufactured by Clopay, purchased by third-party plaintiff from Clopay and thereafter *converted by third-party plaintiff and delivered to KCC*, all at the express instance and request of KCC.
>
> 9. The amounts alleged to be due to Clopay from third-party defendant consist substantially of pass-through increases in raw material costs authorized by KCC and *contracted by the parties for the benefit of third-party plaintiff*.
>
> 10. Pursuant to longstanding and invariable customs and practices of the trade, and, upon information and belief, pursuant to longstanding course of dealing between Clopay and KCC, KCC *undertook* that the price to it of the delivered goods from third-party plaintiff would be indexed to the cost of the raw materials contained in those goods.
>
> 11. These arrangements were confirmed in writing by Clopay to KCC, and retained by KCC without objection. These arrangements were reconfirmed between and among the parties at various times, including on or about May 1, 2010 and on or about June 28, 2010.
>
> 12. In December 2010, third-party plaintiff duly invoiced KCC for these cost increases, amounting to $473,584.52.
>
> 13. KCC has neglected, failed and refused to pay these invoices.
>
> 14. *The parties* at all times intended and *agreed* that increases in the costs of raw materials *would be borne by KCC*, not by third-party plaintiff.

Third-party complaint (Docket Entry 23) (emphasis added).

Because the third-party complaint validly alleges the existence of an agreement between KCC and Clopay, confirmed in writing on specified dates, and intending to benefit Excelsior, the motion to dismiss must be denied.

-3-

## THE "INTEGRAL" DOCUMENTS REFERRED TO
## IN THE THIRD-PARTY COMPLAINT

Paragraph 11 of the third-party complaint refers to various documents not attached to the pleading but "integral"[2] to the third-party complaint:

- A February 22, 2010 email from Clopay (Ron Zinco) to Excelsior (Ronnie Shemesh) indicating that the *pricing would be based on a spreadsheet supplied by K-C. Miller Decl.*[3] Exh. A (emphasis added).

- A March 29, 2010 email from Excelsior (Ronnie Shemesh) copying K-C (Rob Kosharian) forwarding the February 22, 2010 email (*supra*) and stating that "[w]e locked this price for March orders on the 22nd of February." *Miller Decl.* Exh. B.

- A March 29 email from Clopay (Julie Matix) to Excelsior copying K-C (Rob Kosharian) indicating a price adjustment based on *"your price sheet"* (referring to a price sheet prepared by K-C; emphasis added). *Miller Decl.* Exh. C (emphasis added).

- An April 23, 2010 email from Clopay (Julie Matix) to Excelsior (Adam Gaines and Ronnie Shemesh) and K-C (Rob Kosharian) noting updated pricing "to reflect your new pricing," which was based on KCC's spreadsheet. *Miller Decl.* Exh. D.

- A June 28, 2010 email from Clopay (Jerry Ford) to Hogla-Kimberly Ltd. (Gilad Gurevitch) and copying K-C (Robert Kosharian) confirming that pricing *"was discussed numerous times at the beginning of this project, with several agreements being made." Miller Decl.* Exh. E (emphasis added).

As Excelsior argues below, these "integral" documents must be considered and read in the non-moving party's favor in connection with this motion.

KCC's motion must therefore be denied.

---

[2] See argument, p. 5, *infra*.

[3] References herein to "*Miller Decl.*" are to the accompanying declaration of Hilary B. Miller, Esq. of even date herewith.

# ARGUMENT

## A. <u>Legal Standard For KCC's Rule 12(b)(6) Motion</u>.

KCC correctly points out that motions to dismiss under Rule 12(b)(6) are governed by the standard enunciated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), but KCC's argument ignores the nuances of that standard.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 52 (2d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). However, on review of a the motion, *the Court must accept the plaintiff's allegations of fact as true, and draw all reasonable inferences in the plaintiff's favor. Hallmark Aviation Ltd. v. AWAS Aviation Servs., Inc.*, No. 12-cv-7688, 2013 U.S. Dist. LEXIS 61705, at *5 (S.D.N.Y. Apr. 29, 2013) (citations omitted).

The issue "is not whether the plaintiff will ultimately prevail, but whether [it] is entitled to offer evidence to support [its] claim. The court's task is therefore to determine 'the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Id.* at *6 (citing *Geisler v. Petrocelli*, 616 F.2d 636, 639 [2d Cir. 1980]).

In addition to considering facts asserted within the four corners of the complaint, the court may also consider exhibits thereto and any documents incorporated in the complaint by reference. *Id.* "Moreover, when a plaintiff chooses not to attach to the complaint or incorporate by reference a document upon which it solely relies and which

is *integral to the complaint*, the court may nevertheless *take the document into consideration* in deciding the defendant's motion to dismiss." *Forex Transactions Litig. v. Bank of N.Y.* (*In re Bank of N.Y. Mellon Corp.*), 2013 U.S. Dist. LEXIS 9345, at *22 (S.D.N.Y. Jan. 23, 2013) (emphasis added) (considering facts in documents extraneous to complaint solely as to their existence, and not for the truth of the matters asserted; clarifying that the motion to dismiss was not converted into one a summary judgment motion) (citing *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (considering on motion to dismiss documents either incorporated by reference or otherwise integral to the complaint).

While *Iqbal* did disclaim the long-standing benchmark that a district court cannot dismiss a complaint unless the plaintiff can prove no set of facts in support of its claim, it did not change the pleading landscape as much as KCC would have this Court believe.

Rather, *Iqbal* did not change the long-standing criterion of Rule 8(a)(2) that all the plaintiff must do is set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court's inquiry at the motion-to-dismiss stage still focuses on whether the challenged pleadings "give the defendant fair notice of what the … claim is and the grounds on which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Applying this rule, in *Piven v. Wolf Haldenstein Adler Freeman & Herz L.L.P.*, No. 08-cv-10578, 2010 U.S. Dist. LEXIS 27609 (S.D.N.Y. Mar. 12, 2010), the court not-

ed that although the allegations of the complaint were "hardly . . . a model of detail," it nonetheless "allege[d] the "existence of a contract with sufficient specificity to withstand a motion to dismiss." *Id.* at *16-17.

The third-party complaint meets this standard.

A simple reading of the "plain statement" contained in the third-party complaint, together with the "integral" documents referred to in paragraph 11 of the third-party complaint, and giving Excelsior the inferences in its favor to which it is entitled, requires the denial of K-C's motion.

### B. The Complaint Alleges A Valid Breach-of-Contract Claim.

In *Beautiful Jewellers Pvt. Ltd. v. Tiffany & Co.*, 06-cv-3085, 2007 U.S. Dist. LEXIS 20263 (Mar. 21, 2007), the court denied a Rule 12(b)(6) motion where complaint adequately alleged the existence of an oral distributorship agreement. Citing the same federal standard enunciated by K-C on this motion, the court noted that, "[t]o state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages," referring to *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *see also*, *Boart Longyear Ltd. v. Alliance Inds., Inc.*, 869 F. Supp. 2d 407, 413 (S.D.N.Y. 2012) (cited by K-C). *See also*, *Vector Capital Corp. v. Ness Techs., Inc.*, 2013 U.S. App. LEXIS 3053 (2d Cir. 2013) (holding that the district court erred in holding that breach of contract claim was not well-pled where plausible assertions had been made).

Against the backdrop of this legal standard, Excelsior's third-party complaint validly alleges the existence of a contract and breach thereof.

Taking paragraphs 8-14 of the third-party complaint (quoted in their entirety at p. 22, *supra*) at their face value, and assuming, as this Court must, their truth for purposes of this motion, it is clear that: Excelsior "delivered goods" (¶¶8, 10; performance) to KCC pursuant to a "contract" (as well as custom, usage of trade and course of dealing; ¶10; agreement) between KCC and Clopay (¶9). Moreover, KCC "undertook" to reimburse Excelsior for cost increases (¶10; agreement). Excelsior invoiced KCC for the cost increases (¶12; performance), but KCC failed to pay (¶13; breach).

The "integral" documents submitted with this memorandum are consistent with the claims asserted in the third-party complaint and provide further support for the nature and details of the parties' relationship.

These allegations contain each of the elements required by applicable Second Circuit precedent. *Boart Longyear Ltd.*, 869 F. Supp. 2d at 413.

K-C's motion must therefore be denied.

### C. The Complaint Alleges That Excelsior Is A Third-Party Beneficiary.

Under New York law, a third-party beneficiary may enforce a contract when "recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and . . . the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Bayerische Landesbank*, 692 F.3d at 52 (citing *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 248 [2d Cir. 2002],

quoting Restatement [Second] of Contracts § 302). The contract must clearly evidence an intent by the parties to permit enforcement by the third party such that the benefit to the third party was "sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate the third party if the benefit was lost." *Id.* (internal quotation marks and citations omitted). "In determining whether the parties intended to benefit the third party, a court should consider the circumstances surrounding the transaction . . . ." *Id.* (internal quotation marks and citations omitted). A third-party beneficiary claim may be dismissed on a Rule 12(b)(6) motion only if the contract "rules out *any intent* to benefit the claimant, or where the complaint relies on language in the contract or other circumstances that *will not support the inference* that the parties intended to confer a benefit on the claimant." *Id.* at 52-53 (internal citations omitted; emphasis added). To the contrary, taking the facts in the light most favorable to the plaintiff, if the circumstances support an inference that the parties intended to benefit the third party, then dismissal is improper. In general, the fact that the parties' words may be ambiguous term is not a basis for dismissal on the pleadings. *See id.* at 53-55 (upon drawing all inferences in favor of the non-moving party, holding that the contract plausibly intended to confer a benefit on the non-moving party; reversing district court's grant of 12[b][6] motion).

Against this standard, the third-party complaint must survive K-C's motion to dismiss. Excelsior pleads (third-party complaint at ¶9) that the pass-through of material-cost increases was contracted by K-C and Clopay for Excelsior's benefit. Excelsior then further pleads that KCC "undertook" that the price of the goods delivered by Ex-

celsior would be indexed (¶10), and that these arrangements for Excelsior's benefit were confirmed by Clopay to KCC (¶11). In light of these allegations, it cannot be said that the third-party complaint fails to allege the existence of a "plausible" intent to benefit Excelsior.

## CONCLUSION

For the foregoing reasons, K-C's motion to dismiss must be denied.

Dated: Greenwich, Connecticut
June 3, 2013

*[signature]*
_____
HILARY B. MILLER (HM-4041)
500 West Putnam Avenue — Suite 400
Greenwich, Connecticut 06830-6096
(203) 399-1320
hilary@miller.net

*Attorney for Defendant/Third Party Plaintiff*
*The Excelsior Packaging Group, Inc.*

C:\Users\Hilary B. Miller\Documents\Documents\Excelsior Packaging\Clopay\Third-Party Complaint\Brief in opposition to motion to dismiss.doc (June 3, 2013 at 13:42:00 Rev. 32)