UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                      :

CLOPAY PLASTIC PRODUCTS COMPANY, INC.,   :   12 Civ. 5262 (JPO) (MHD)
                                        :

                  Plaintiff,         :

                                        :

          - against -            :

                                        :

THE EXCELSIOR PACKAGING GROUP, INC.,     :

                                        :

                  Defendant,     :

                                        :

          - against -            :

                                        :

KIMBERLY-CLARK CORPORATION and       :
HOGLA-KIMBERLY LTD.,                 :

                                        :

           Third-Party Defendants.   :

                                        :
------------------------------------------------------------------- x

**THIRD-PARTY DEFENDANT KIMBERLY-CLARK**
**CORPORATION'S REPLY MEMORANDUM OF LAW IN FURTHER**
**<u>SUPPORT OF ITS MOTION TO DISMISS THE THIRD-PARTY COMPLAINT</u>**

 

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
(212) 508-6700 (phone)
(212) 371-1084 (fax)
*Attorneys for Third-Party*
*Defendant Kimberly-Clark Corporation*

Third-Party Defendant Kimberly-Clark Corporation ("K-C") respectfully submits this reply memorandum of law in further support of its motion to dismiss the Third-Party Complaint filed by The Excelsior Packaging Group, Inc. ("Excelsior").

## PRELIMINARY STATEMENT

Excelsior's response to K-C's motion to dismiss is tantamount to an admission that the Third-Party Complaint is facially deficient.  Instead of defending its pleading, Excelsior resorts to placing before the Court matters outside the pleadings in an effort to avoid dismissal of the Third-Party Complaint, which fails to plausibly allege facts and a legal theory under which K-C could be liable to Excelsior for Excelsior's alleged obligations to Clopay Plastic Products, Inc. ("Clopay").  The e-mails Excelsior has submitted in opposition to the motion to dismiss are inappropriate because they were not attached to the Third-Party Complaint, are not referred to or incorporated by reference in the Third-Party Complaint, and are not integral to the pleading. Accordingly, the Court should disregard the e-mails submitted by Excelsior.

Moreover, even if the Court were to consider the documents submitted by Excelsior, Excelsior's pleading still fails to state a claim against K-C.  Excelsior's Third-Party Complaint fails to plausibly allege that K-C was a party to *any* contract with Excelsior or Clopay which could make K-C liable to Excelsior for Excelsior's alleged obligations to Clopay.  The Court should therefore grant K-C's motion to dismiss.

## ARGUMENT

## I.    THE COURT SHOULD DISREGARD THE E-MAILS BECAUSE EXCELSIOR DID NOT RELY HEAVILY UPON THEM IN ITS THIRD-PARTY COMPLAINT

Since a motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint, a party "may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss." *Madu, Edozie & Madu, P.C. v.*

*SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 122-23 (S.D.N.Y. 2010) (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)).  A pleading, though, may include more than what is contained within the four corners of the complaint, as "the complaint is deemed to include any written instrument attached to it as an exhibit or any statement or documents incorporated in it by reference."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)); *see also* Fed. R. Civ. P. 10(c).  "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint."  *Chambers*, 282 F.2d at 153 (quoting *Int'l Audiotext*, 62 F.3d at 72); *see also Bldg. Indus. Elec. Contractors Ass'n v. City of New York*, 678 F.3d 184, 187 (2d Cir. 2012) ("We will consider only the complaint and any documents attached thereto or incorporated by reference and 'documents upon which the complaint 'relies heavily.''") (quoting *In re Citigroup ERISA Litig.*, 662 F.3d 128, 135 (2d Cir. 2011)).

Thus, the Court may only consider Excelsior's e-mails on this motion if they are either (1) attached to the Third-Party Complaint; (2) incorporated into the Third-Party Complaint by reference; or (3) integral to the Third-Party Complaint by virtue of the fact that the pleading relies heavily on the same.

Recognizing that the e-mails are not attached to its pleading or incorporated into it by reference, Excelsior maintains that the documents are integral to the Third-Party Complaint and therefore properly before the Court on K-C's motion to dismiss.  Excelsior's invocation of the "integral" document test is curious, as Second Circuit precedent indicates that it is intended to allow a *defendant* to put before the Court documents with its motion to dismiss that the plaintiff had cleverly failed to attach or incorporate into the complaint.  *See Cortec Indus., Inc. v. Sum*

*Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("[W]e have held that when a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint for failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure.") (citing *I. Meyer Pincus and Assoc. v. Oppenheimer & Co., Inc.*, 936 F.2d 759, 762 (2d Cir. 1991)).  Plaintiffs are masters of their complaints, able to attach or incorporate by reference those documents they deem essential to their claims.  Excelsior's efforts to place before the Court e-mail correspondence is the atypical situation, as it is usually the defendant that comes forward with extraneous material in support of a motion to dismiss. *See Madu, Edozie & Madu*, 265 F.R.D. at 122.

    The e-mails Excelsior has submitted are not integral to the Third-Party Complaint because the Third-Party Complaint does not "rel[y] heavily upon [the documents'] terms and effect."  *Chambers*, 282 F.3d at 153 (quoting *Int'l Audiotext*, 62 F.3d at 72); *see also Beautiful Jewellers Private Ltd. v. Tiffany & Co.,* No. 06 Civ. 3085, 2007 U.S. Dist. LEXIS 20263, at *4 (S.D.N.Y. Mar. 21, 2007) (court excluded from consideration faxes and e-mails between the parties since plaintiff did not solely rely on the documents).  The pleading makes no explicit reference to, nor does it quote at all from, any of the e-mails Excelsior presents in opposition to the motion.  The closest Excelsior comes to an implicit reference to the e-mails is the allegation that "arrangements" between K-C, Hogla-Kimberly Ltd. (collectively defined in the Third-Party Complaint as "KCC") and Clopay were "confirmed in writing by Clopay to KCC," and "were reconfirmed between and among the parties at various times . . . ."  (Third-Party Compl. ¶ 11.) Absent from the Third-Party Complaint is any reference to the term "e-mail."  Where a plaintiff fails to even mention the existence of e-mail correspondence in its complaint, it cannot maintain

that it "relied heavily" upon such documents in crafting its complaint.  *See Madu, Edozie & Madu*, 265 F.R.D. at 124; *see also Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (complaint's reference to a guilty plea does not make the transcript of the plea proffer integral to the complaint).

Because Excelsior did not rely heavily on the e-mails it filed with its opposition to the motion to dismiss, they are not integral to the Third-Party Complaint.  Further, considering the documents Excelsior presents in opposing the motion to dismiss would prejudice K-C, as K-C did not rely upon this information in bringing the motion.  Accordingly, the Court should disregard them in resolving this motion.

## II.     THE THIRD-PARTY COMPLAINT FAILS TO STATE A CLAIM

Even if the Court were to conclude that the e-mails submitted by Excelsior were properly before it on this motion to dismiss, these documents still fail to rehabilitate the Third-Party Complaint, which by Excelsior's own admission, is "Spartan."  (Opp. at 2.)

### A.     The Cases Cited By Excelsior are Inapposite

Excelsior's citation to *Piven v. Wolf Haldenstein Adler Freeman & Herz L.L.P.*, No. 08 Civ. 10578, 2010 U.S. Dist. LEXIS 27609 (S.D.N.Y. Mar. 12, 2010), is inapposite.  (Opp. at 6-7.)  Though the complaint in that case was "hardly . . .  a model of detail," the plaintiffs' allegations in *Piven* were far more detailed than those of Excelsior's cryptic pleading.  In *Piven*, the plaintiffs alleged the existence of a contract under which defendants would pay the plaintiff a referral fee between 10% and 20% of the net fees charged, that the parties had referred to a "fee formula" in writing, and that defendants had made referral payments under the same in the past. The court found that these allegations were sufficiently specific to withstand a motion to dismiss. 2010 U.S. Dist. LEXIS 27609, at *16.  Instead of similarly concrete allegations concerning the

allocation of responsibility for increases in the cost of raw materials, Excelsior's Third-Party Complaint merely alludes to unspecified "arrangements," a general "longstanding and invariable practices of the trade," and "longstanding course of dealing" in support of its allegation that K-C is obligated to pay increased production costs.  (Third-Party Compl. ¶¶ 10-11.) [1]

Moreover, scrutiny of the e-mails Excelsior submits demonstrates that the documents do not establish the existence of an agreement with K-C, or any agreement under which Excelsior was a third-party beneficiary.  There is some indication that the price Excelsior was paying for Clopay's product was in some measure linked to an index reflecting raw material prices, and that a "series of mis-steps" and a "series of pricing errors" occurred in Clopay's sale of the product to Excelsior.  (Dkt. # 36, Ex. E.)  Because "mistakes were made," one Clopay representative wrote that Clopay and a representative from K-C had agreed to "work cooperatively to address the $150k shortfall Clopay has suffered."  (*Id*.)   None of the e-mails, which are not even properly before the Court on this motion, provide sufficient facts to support the allegation that Excelsior was a third-party beneficiary of an agreement between Clopay and K-C.  Indeed, the reference to "work[ing] cooperatively" suggests the absence of any existing agreement since otherwise there would be no need to explore collaborative approaches to address Clopay's situation.

Equally unhelpful to the Court is Excelsior's citation to the case of *Beautiful Jewellers*, 2007 U.S. Dist. LEXIS 20263, a decision in which the court denied a motion to dismiss and outlined the elements of a claim for breach of contract in New York.  (Opp. at 7.)  Because it was decided before *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the district court in

---

[1] As stated in its principal memorandum of law in support of the motion to dismiss, K-C objects to Excelsior's collective definition of K-C and Hogla-Kimberly Ltd. as "KCC." (Dkt. # 30 at 5 n.2.)  Excelsior's attempt to merge the two entities fails to recognize their separate and distinct corporate existences.  Moreover, it also reflects Excelsior's inability to set forth specific allegations against K-C in the Third-Party Complaint.  There is no evidence K-C was ever a party to a contract with Excelsior or Clopay and any effort to confuse K-C with Hogla-Kimberly Ltd. should not be condoned by this Court.  Accordingly, K-C will not adopt the Third-Party Plaintiff's use of the defined term "KCC" to refer to the two distinct Third-Party Defendants, K-C and Hogla-Kimberly Ltd.

*Beautiful Jewellers* reiterated the "no set of facts" language concerning the sufficiency of the pleadings derived from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that the Supreme Court made a point of retiring in *Twombly*.  2007 U.S. Dist. LEXIS 20263, at *3.  Thus, the fact that the district court found the allegations of the complaint sufficient in *Beautiful Jewellers* is of no help to Excelsior.

      **B.**      **<u>Excelsior Fails to Plausibly Allege it Was a Third-Party Beneficiary</u>**

          **1.**      **Excelsior Fails to Allege a Contract Between K-C and Clopay**

In order for Excelsior to plead third party beneficiary liability, it first must plead the existence of an underlying agreement between two other parties who intended to make Excelsior a beneficiary.  Although Excelsior argues that it has pled an underlying agreement between K-C and Clopay, the Third Party Complaint makes no such allegation.

Indeed, if such an agreement existed, it would have been easy for Excelsior to allege in a single paragraph that there was an agreement between K-C and Clopay, and to specify its terms.  However, because no such agreement existed, the Third-Party Complaint  obfuscates:   In paragraph 8, it sets forth several aspects of commercial dealings amongst several entities (including the nonexistent hybrid entity of its own imagining, KCC) – goods ordered by "KCC", manufactured by Clopay, purchased by Excelsior from Clopay, goods "converted" by Excelsior and delivered to "KCC".  But these aspects of commercial dealings do not allege the elements of a contract.  Excelsior then alleges in paragraph 9 of the Third Party Complaint, "The amounts alleged to be due to Clopay from third-party defendant consist substantially of pass-through increases in raw material costs authorized by KCC and contracted by the parties for the benefit of third party plaintiff."  Here again, the Third Party Complaint is incomprehensible.  It studiously avoids saying which parties "contracted," again refers to a non-existent entity (KCC) and fails to

set forth what if anything constituted a contract.  Perhaps Excelsior hoped that by keeping its allegations opaque, it preserved maximum flexibility in stating a cause of action.  However, by not linking these aspects of commercial dealings in any cognizable framework – by not specifying that there was a contract, by not identifying who the contractual parties, if any, were, and by not identifying its terms – Excelsior fails to allege the basic elements of a contract between K-C and Clopay.  This is obviously fatal to any claim on the part of Excelsior to be an intended third-party beneficiary.

### 2. Consideration of Surrounding Circumstances is Inappropriate Absent Indication of Intent to Benefit the Third-Party in the Agreement

Even if Excelsior could show there was an agreement between Clopay and K-C, Excelsior has failed to demonstrate any expression of intent in the language of the agreement to make it a third-party beneficiary.  While New York law permits referring to "surrounding circumstances where appropriate to determine whether a plaintiff is an intended third-party beneficiary, such circumstances cannot give rise to third-party beneficiary status absent some indication in the actual agreement of the parties."  *Air Atlanta Aero Engineering Ltd. v. SP Aircraft Owner I, LLC*, 636 F. Supp. 2d 185, 194 (S.D.N.Y. 2009) (internal citations and quotation marks omitted).  In other words, the agreement itself must contain an expression of intent to benefit the purported third-party beneficiary.

> When a contract "does not contain an express provision identifying plaintiff as an intended third-party beneficiary" or "otherwise reveal a specific intent to confer a benefit upon plaintiff or permit plaintiff to enforce the contract terms," a court should dismiss an alleged third-party beneficiary's claim for breach of that contract.

*Id*. at 193 (quoting *Conklin v. City of Saratoga Springs*, 267 A.D.2d 841, 699 N.Y.S.2d 820, 821 (3d Dep't 1999)).

Here, the Third-Party Complaint fails to specify any agreement with K-C or any language

of the alleged agreement indicating Clopay entered into an agreement for Excelsior's benefit. Excelsior's formulaic allegation that the amounts due to Clopay from Excelsior "consist substantially of pass-through increases in raw material costs authorized by [K-C] and contracted by the parties for the benefit of third-party plaintiff", (Third-Party Compl. ¶ 9), does not specify any language of agreement sufficient to indicate an intent to make Excelsior the third-party beneficiary.   Accordingly, the Court should reject what amounts to a request by Excelsior to consider surrounding circumstances in determining whether it is a third-party beneficiary.

### 3.   Excelsior Does Not Allege an Exclusive Right to Enforce the Promise

A third-party can only be an intended beneficiary under New York law "if no one other than the third-party can recover if the promissor breaches the contract or the contract language should otherwise clearly evidence an intent to permit enforcement by the third party." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.*, 651 F. Supp. 2d 155, 173 (S.D.N.Y. 2009) (internal quotation marks and citations omitted).   Excelsior asserts it has alleged the existence of a contract between Clopay and K-C intending to benefit it.   (Opp. at 3.)   But nothing in the Third-Party Complaint, or the e-mails Excelsior has placed before the Court, indicate that Clopay had an agreement with K-C or that only Excelsior could have recovered from K-C for a breach of the purported agreement.   The pleading only offers a murky allegation that the parties agreed that "increases in the costs of raw materials would be borne by [K-C]. . . ." (Third-Party Compl. ¶ 14.)   This allegation leaves open the possibility that Clopay could have recovered against [K-C] for an alleged failure to pay for these increased costs, which makes implausible Excelsior's contention that it is an intended beneficiary of the agreement.   If the e-mails Excelsior submits are to be considered by the Court, they establish that any agreement was not strictly to be enforced by Excelsior since otherwise there would be no need for the parties "to

work cooperatively to address the $150k shortfall Clopay has suffered" (Dkt. # 36, Ex. E.); Clopay would have instead written that K-C or Hogla-Kimberly, Ltd. was obligated to pay Excelsior the $150,000. Excelsior's allegations, even when supplemented with e-mails in response to the motion to dismiss, fail to evidence an intent to permit it to enforce any agreement between Clopay and K-C, let alone clearly so.

> **4.  The Third-Party Complaint Fails to Specifically Allege a Contract with K-C or that a the Central Purpose of Any Agreement Between Clopay and K-C Was to Confer a Benefit Upon Excelsior**

To state a claim that it is an intended third-party beneficiary of a contract between Clopay and K-C, Excelsior must allege sufficient factual matter, taken as true, to suggest that Clopay and K-C entered into a contract for the central purpose of conferring a benefit upon Excelsior. Otherwise, Excelsior is no more than an incidental beneficiary of an agreement to which it was not party, and therefore without contractual rights against K-C under the alleged agreement.   As the Second Circuit has stated, where parties:

> entered into the Agreement for their own mutual benefit, not for the purpose of conferring a benefit on [a non-contracting party] . . . [the non-contracting party], therefore, meets the definition of an "incidental beneficiary," not a "third-party beneficiary," and is without rights under the Agreement.

*McPheeters v. McGinn, Smith and Co., Inc.*, 953 F.2d 771, 773 (2d Cir. 1991).  Even under the most indulgent reading of the Third-Party Complaint, if Clopay and K-C entered into an agreement concerning the provision of plastic film, it was for their mutual benefit and not to protect Excelsior from fluctuations in the price of raw materials.  The mere fact that the Third-Party Complaint alleges that Excelsior contracted with Clopay to purchase plastic film, and that K-C and Clopay later agreed that increased material costs would be paid by K-C, does not establish that that K-C and Clopay had a central purpose of ensuring K-C would make payments to Excelsior for such increased costs.  The e-mail Excelsior submits suggests the Clopay's

principal purpose in whatever negotiations were occurring was to make itself whole, not come to the aid of Excelsior.  (Dkt # 36, Ex. E.)  Even when accepted as true and with every inference in its favor, by its own pleading Excelsior is, at best, an incidental beneficiary without any rights under any agreement between Clopay and K-C.

## **CONCLUSION**

Excelsior's Third-Party Complaint does not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Even if the extrinsic evidence Excelsior provides were properly before the Court, the deficiencies of Excelsior's pleading cannot be rectified by the submission of a series of e-mail correspondence in response to a motion to dismiss.  A proper complaint, after all, "is not an invitation to a scavenger hunt in which defendants and courts are tasked with unearthing and deciphering clues and omens from assorted documents unmentioned—or at best barely alluded to—in the pleadings." *Chechele v. Scheetz*, 819 F. Supp. 2d 342, 350 (S.D.N.Y. 2011).

For all of the foregoing reasons, K-C respectfully requests that the Court grant the Motion and enter an order dismissing with prejudice the Third-Party Complaint.

Date:   New York, New York
        June 11, 2013

                    TANNENBAUM HELPERN SYRACUSE
                    & HIRSCHTRITT LLP

                    By:     /s/Paul D. Sarkozi
                            Paul D. Sarkozi
                    900 Third Avenue
                    New York, New York 10022
                    (212) 508-6700 (phone)
                    (212) 371-1084 (fax)
                    sarkozi@thsh.com
                    *Attorneys for Third-Party*
                    *Defendant Kimberly-Clark Corporation*